Chasing the 639.3, Lord Cyphert v. The Scotts Miracle Gro Company, oral argument, not 50-50, but 5 points to 4 should be accepted. Good morning, Your Honors. I would like to reserve five minutes of my time for rebuttal, if I may. You may. My name is Jason Forge. I'm here on behalf of the Plaintiff Appellants. I really appreciate the opportunity to address Your Honors this morning because it is absolutely essential to make clear how limited the belief is that we are seeking here. We have winnowed down what we are seeking to the point where there really is no room for honest debate, so long as we all understand what it is we're talking about here. We have reduced our request to what amounts to less than three complete sentences. We have presented these sentences in our brief and... Mr. Forge, let me suggest this to you. Yes, Your Honor. This isn't a, well, we don't want much argument for us. Either stuff in connection with the pre-sentence report is privileged or it isn't. And all of us have been district judges. All of us have seen tons of pre-sentence reports. All of us have handled objections. So we come from experience. And when a probation officer prepares a pre-sentence report and the parties then, under the rule, are given the opportunity to object to things that are in that pre-sentence report, that is not a sentencing memorandum. Isn't, won't be, never will be. It's something, it's an objection that you are filing. And so you have to, at least from my perspective, you have to convince us that while you seem to agree you can't get the PSR, you have to convince us why you would get something in connection with the objections to the PSR. And Judge McKeegan, my point is this is an objection by label only. And if you look at the substance of the language that we're talking about here, even the probation officer's cover letter... ...is filed in response to the PSR, the draft, the initial draft of the PSR. That's part of the PSR process, no matter what label you might choose to attach to it, if you've ever done any criminal work at all. Your Honor, I have over 12 years' experience as a federal prosecutor. I practiced criminal law before that. I teach criminal law now. I have about 20 years of criminal law experience. I'm telling you, I have never, ever seen a situation like this. I've worked on national security cases, gang cases, kiddie porn cases. I've never seen a situation like this where both sides do such a clear end run around a published right of access by submitting their positions, not publicly... ...but submitting their positions on the seriousness of the offense to the probation officer as a proxy. And that's what I'm talking about here. That's what happens in the district that I come from in every single case. It may not be in the districts that you're from, and I can't speak for Judge Donald or Judge Sir Heinrich, but that's just... ...this is just the way it works. That every single... There's no publicly made arguments about the seriousness of the offense. Your Honor, I've never seen it before, and I've... Counsel, I didn't say there's no publicly made argument. If something comes up in open court, you can use... I think it was Judge Graham, right? You can use the comments that are in the transcript from the sentencing proceeding. That's not confidential. It's what's submitted to the probation officer. But my point, though, Your Honor, is what is submitted to the probation officer is simply the party's position regarding the seriousness of the offense here. That's the only thing. And, Your Honor, they don't... It's not as if they submitted something else publicly. It's language in a PSR. You don't like it. You object to it. You do that in writing. You try to work it out with the probation officer. It's privileged. The point, though, Your Honor, is the parties should have, and they were required to, the government particularly, was required to submit publicly its position on the seriousness of this offense that it wanted the court to consider when rendering a sentence here. The First Amendment right of access to sentencing proceedings and documents submitted for sentencing proceedings will mean absolutely nothing if the government simply has to present something to the probation officer and say, pass this along to the judge. In every case that I've ever worked on, if a defendant didn't want it to come out, or if the government didn't want it to come out that this particular defendant had a history of molesting dozens of children and they wanted the judge to go along with a much more lenient sentence that would be appropriate, simply submit that information to the probation officer, and the public is never the wiser. The public has no idea of assessing the appropriateness of the sentence because the parties hid that information from the public. That is not the First Amendment right of access, the common law right of access, cannot be so easily defeated because then it ceases to exist. And what we have here is this is not a situation where what was objected to, quote-unquote objected to, and the government's letter said comments, not objection, because it was after the deadline for objections. Mr. Forge, what you want to do is to get this information before the public, correct? Yes, Your Honor. Okay, so aren't there, and I know this is not your argument, you're arguing for a specific right of access, but aren't there other means by which you can get that information before the public? I mean, couldn't your clients take, I guess, depositions of those people who made those objections and get that information that way? We can't, Your Honor, and here's why. Because the government and the defense are both hiding behind this label that has been put on it, and they're both saying, hey, I've spoken with the EPA lawyer on this case. He would love to say it. He has no idea why this was submitted the way it was. But they have all said, hey, we have this provision that we're going to be found in contempt. There's a nondisclosure provision that binds these witnesses? Well, what there is, Your Honor, is a terribly overly broad local rule, and I was pilloried one year ago for saying this is, I've never seen a local rule like this. This is being exploited in this situation to keep from the public information that should be available. The defense pilloried us for criticizing this local rule, and then, lo and behold, months later, after this local rule had been in effect for years, the Southern District of Ohio changed the local rule. But it's still, we have a district court ruling saying, no, this can't be disclosed, and we have the old local rule, and we have the responses from the defense and from government counsel saying they can't disclose this to us under threat of contempt. But that begs the question. If you were to go to them and say, I want to know what you said to the probation officer in a submission, I assume you're going to get exactly the response that you've just given us. I get that. But that isn't the way you ask the question. I don't understand why you can't go to the government and have them, independent of this criminal case, tell you what their position is as to whether Byrds died. Well, first of all, Your Honor, it's not that easy to get discovery from the government. We can't just depose an assistant U.S. attorney because we would like the information. There are many hoops we have to pass through. I agree with that, but you already have the trial judge in a public transcript paraphrasing the government's belief in that regard, right? Paraphrasing it without explaining it and without giving the details. Yes, Your Honor, that is correct. Well, you started out by saying, gee, we only want a couple sentences from a couple different things here. That doesn't provide context and give explanations either. You can't have that both ways. Your Honor, may I read the sentence? We've read the sentence. My point is, you have what Judge Graham has said about the government's belief in this case. You have that, right? Paraphrased, yes. Now, you're suing Scotts. That's correct. So you can take Scotts' depositions. That's correct. Now, whether they want to say that, for the life of me, I can't figure out what possible relevance Scotts, commenting on what the government's position is, could possibly have in a civil case involving class certification. Your Honor, it's an acknowledgment of what the government's position was. And what's the relevance of an acknowledgment by the Scotts of what the government's position was? The whole point of it is materiality. Would it be material to a consumer that the government determined that this illegally poisoned bird food had harmed, non-lethally poisoned, many birds and was responsible for the deaths of others? Would that be material to a reasonable consumer? Isn't Scotts' comment, or whatever you want to call it, on what the government's position apparently is classic hearsay? No, Your Honor, it's not. It's not an admission. It is not hearsay, and here's why. Because it is not a situation where what the government said has to be true. We are not offering it for the truth of the matter asserted. We are offering it for the point of a reasonable consumer looking at purchasing this product. That would be important to them, that the government, with all of its resources, with years of investigation, reach this conclusion. Whether or not the conclusion is accurate is not what it would be offered for. They would be entitled to a limiting instruction. The point is that would be important to a reasonable consumer because they are not going to enlist an expert. Has the court ruled on your class certification motion yet? No, it has not, Your Honor. I see I'm reaching the end of my initial argument. I look forward to addressing you in rebuttal. Thank you. May it please the court. Jeff Jones on behalf of Scott's Miracle-Gro. As I get a little older, I find myself wanting to cut to the chase, and it seems to me the core issue here is what are these materials? And did Judge Graham properly characterize them as integral to the pre-sentence report process? And on that issue, Your Honor, Judge Graham clearly got it right. Is there some reason why the plaintiff's counsel here can't take the deposition of somebody in your company and ask them if they know what the government's position is on whether birds died? And obviously I'm oversimplifying this. Is there any reason why they can't take that deposition and ask that question? Not only could they do that, Your Honor, by way of asking Scott's anything with respect to a deposition that they want to ask and whether it gets into a particular comment or not. I'm asking specifically is there any objection that you can think of that you would have to posing the question to the appropriate person within Scott's as to whether they know what the government's position was on the danger posed by the use of these chemicals, and if so, what was that position? If the question related to what the EPA's position was by way of FOIA or otherwise, I don't think there would be an objection there. If the question was specifically what did the government communicate to the probation officer as part of the pre-sentence report, yes, I do think that our position is that process, the information by which both the government... Are you saying you don't know what the government's position is outside of the criminal case? We know that the EPA, the government, has certain documents, so in that regard, yes. And we do know what the U.S. attorney talked about both at the end... But you just said, you've said in all of your material there are alternative ways that they can get this information, so there's no special need. That's your position, right? Yes. So if that's the case, we're trying to figure out what other way can they get that to test that position that you've taken. So I've tried to take you down a path of just asking your client a question in a deposition, and it sounded as if I got to a dead end there. Well, the information, Your Honor, is available in three or four other ways. Judge Graham started at a higher level, and we totally agree with him. He said on the issue of whether or not this is harmful or not, that is available to the plaintiffs through a myriad of ways. They can get their own experts. They can study the EPA regulations. How is their expert going to be able to testify as to what the government's position is? Well, Your Honor, Judge Graham, I think, properly analyzed the question, which is it's not what was the government's position with respect to the probation officer. It's whether or not the bird food is harmful and whether or not the government has records in its files from the EPA in connection with its own analysis as to whether it's harmful. And you're saying that whether you ask your company or whether they hire an expert that asks the same questions, you wouldn't object to that as long as it wasn't prefaced by the words, the pre-sentence report? Your Honor, I think that's yes and no. We would not object to what's obviously already public. Judge Graham already said there was a disagreement between the parties as to the risk of the birds. Okay, but going back, I understand that you have no objection to them getting their own experts and testing the food and all that. But what you do object to sounds like you don't want the information from the pre-sentence report, whether it's labeled pre-sentence report or otherwise, you don't want that government's bolstering position to be used to support his claim. So your company would testify to whatever they testify to, but your company would not want to be in there saying that in this criminal hearing, the government found or concluded or whatever they concluded. That's what you don't want. The fact that Scotts and the government disagreed over the risk of harm to birds as part of the process, that's available to everyone. What we would object to is we have steadfastly taken the position that the actual communications, and by the way, Your Honor, the communications we're dealing with are not sentencing memos at all. They're actually, dear probation officer, we'd like you to edit your report as follows. That's the communication. You and the government disagreed. You took different positions. But ultimately, a position in the criminal process prevailed, right? Judge Graham found that he was not going to make any ruling as to that issue. Okay. And, I mean, we agree, Your Honor, with the comment originally, which is whether the U.S. Attorney's Office believes something in a criminal matter or whether Scotts said the U.S. Attorney believes something in a criminal matter. But they could subpoena any record you had, could they not, about whether birds died prior, subsequent to putting this feed into Commerce? Absolutely, and they have. And are some of those documents things that are from the government? I mean, I assume when the government's threatening you with prosecution, they provided you with whatever they have, right? There are multiple FOIA requests with lots of communications from the government. Those have already been exchanged. And those have already been produced. And, Your Honor, the key question in your real objection is just what you submitted to the probation officer should not be discoverable. It's even more narrow than that. It's the addenda to the probation report, which contains the objections and comments. Part of lack of any other term, negotiating a compromise of some sort. Lesser sentence, lesser this, and that's the reason you put this in. Exactly, Your Honor. It's an addenda. That generally, under any situation, is not discoverable, isn't it? Well, not only that, Your Honor, but if you look at every rule and every case that's been cited to this court on that question, which is do addenda containing objections or comments about the pre-sentence report, are they protected? There is no authority cited to the court that would suggest otherwise. I want to go back to how else they can get this information. When you're submitting something to the probation officer that says what your understanding is of the government's position, you had to have learned that somehow, right? Yes. And was that in the form of an EPA report, or how did you know what their position was? The government sent a letter to the probation officer indicating... You're saying you had no idea what the government's position was on killing birds before they objected or responded to your objection? Come on, that's not possible. Well, Your Honor, actually, the FDA had previously classified this recall  So the FDA had looked at it and they had come to a conclusion. But with respect to, Your Honor, there's certainly been phone calls between the criminal attorneys and the U.S. Attorney's Office where they had had discussions about the issue. If those things are memorialized in notes, are they discoverable? We have produced the communications to... The question is, if they exist, are they discoverable? Yes, we've produced them. We've produced all communications to the government in connection with the criminal proceedings that we were able to find. So the only communication that you don't want to produce is what the government sent to the probation officer? As part of the objection process. Right, I understand. And that was made an addendum. And by the way, Your Honor, if we really tick off the specifics here, Local Rule 32 specifically says the report includes the addendum. Criminal Rule 32 also says the addendum. It references the addendum in discussing the report. The addendum, which contains the comments and objections about the pre-sentence report, is part of the report and is accorded the same confidentiality protections. So if we take into account what you just said, if we decide that the objection letters should be treated like sentencing memoranda, which I think you say they should be, can you show that refusing disclosure is essential to preserve somehow your interests, and is it narrowly tailored? Well, yes. I think we have three sources for that. The U.S. Probation Office has submitted a conclusion in the record that it is important to the confidentiality process and that it would have a chilling effect. The U.S. Attorney's Office submitted a filing below that said the confidentiality is important and it would have a chilling effect as well. They filed a motion in support of Rule 32 in front of Judge Graham, so both of those offices specifically concluded it would have a chilling effect or an effect on future cases in which it would chill the free flow of information. We certainly believe that to be true as well. And this court's case in Siler and a number of other cases that we cited all underscore the importance of that issue. And, Your Honor, I would ask you to just think about the ramifications. The probation officer interviews the defendant. Are the interview notes about what the defendant said to the probation officer somehow discoverable? The probation officer has a conference call with the parties to discuss objections to the report. Is the conference call with the probation officer discoverable? The probation officer is supposed to conduct its own investigation of what the parties believe and what they have, comments or objections or revisions to their report. Would all of that... Right, and I want to stop you because taking into account the truth of everything you say, as Judge McKeague said earlier, with all of that confidentiality in the written documents, the court hears the objection in a public setting, in the courtroom. And so even though those documents may be confidential, isn't it the case that the discussion and the argument about those documents, unless it's in a sealed setting, that those arguments, that discussion, that back and forth takes place in just a public setting unless the court applies some special rule? No, Your Honor. In this case, the discussion about the objections to the pre-sentence report, including the communications at issue, took place in an in-camera hearing, and they're no longer appealing that hearing. And the probation officer then actually amended her report in light of the communications at issue. So she actually changed the report to accommodate these objections. So you had the in-camera setting here. But let me give you a hypothetical. If you had these objections, and you had them in the normal hearing setting, would your argument be the same? Because there you would have a record going and the people arguing the objections, and you didn't have it in the in-camera hearing. So how would that change the classification of these documents? If this is argument to the judge about increasing a sentence or decreasing a sentence, yes, they have a lot of cases that say that falls into a different bucket. Absolutely. There's two tracks, right? Track one is, judge, you should increase the sentence, you should decrease the sentence, you should increase the guidelines or whatever. Track two is creating the probation sentence report, objecting to it, changing it, and finalizing it. That track is the one that eight different courts and virtually every circuit has said is virtually sacrosanct. They've analogized it to grand jury proceedings in the sense that that process, the process by which the probation officer creates a report, gets objections, resolves the objections, has a conference call, interviews the defendant, that is the confidential process. That would be. But sometimes when the probation department, as Judge McKeague said earlier, when a party requests based on an objection, a change, and there's resistance to that, that's played out in the courtroom then and the court makes the ruling on the objection. There may be a change to the probation department as a result of the judge's ruling, but not all of those objections are always played out just in the sanctity, as you say, of the probation office. Your Honor, there's no question that in the connection with sentencing memos there may be discussions about whether the sentence goes up or down and there may be allusions to the pre-sentence report, but that is usually done with the court's approval, the government, and the defendant as well. In situations like this, the rule clearly provides that the probation report, the addendum, and the related documents are all treated as confidential documents. Aren't we missing something here? If there's an objection, the court has two choices. The court can rule on the objections and decide who's right or wrong. That happens generally in open court, at least as far as I know. Or the court can say, I don't need to resolve that objection because it isn't going to make any difference to the particular sentencing. And that seems to be what happened here because the court said, doesn't matter, Scott's pled guilty. Don't need to get into that. Am I right about that? Correct. So we don't have all of what the plaintiffs want here that would otherwise presumably have gotten into the record had the judge found it necessary to actually rule on the objection. Is that right? That's true. I only note... So then we're trying to figure out, just to close the loop here, whether there is some other way that they can get this information. The government's letter is June 14th, comes from a senior trial attorney from DOJ, and it says the government believes. And then it goes on to say what it is you're fighting about. Are you saying that the government's belief, whatever it may be, does not exist anyplace else other than in this letter? It does, Your Honor, because it's in Judge Graham's sentencing hearing. And there is some discussion back and forth about how the parties did... So the government has never memorialized what this belief is aside from this one-and-a-half-page document. Is that right? Other than the discussion at the sentencing hearing. In terms of memorializing, in terms of a letter or a filing, no. I didn't ask you about letters and filings. I asked you have they memorialized it anywhere, anytime, for any purpose. Surely there must have been studies about this stuff before your company got indicted. I'm trying to think back, Your Honor, through the FOIA requests. There were a lot of documents that were provided by the government on this topic. And I believe, I want to be careful, I believe those documents do discuss that the government believes or an agency of the government believes that there is harm. I'd have to go back and check the documents because there's various productions over time. But the FOIA requests that ask for documents from the government, I believe there are documents that would be responsive to the court's question. In any event, you say whatever they are, you've given them that? We've done FOIA requests and they've done FOIA requests and we've given them what they've asked. Could you please stop changing the question? I'm sorry. Whatever they've given you, you've turned it over in the FOIA request except you're objecting to this two-page letter? That's correct. Okay, got it. That's correct. Thank you. Anything else? I'm sorry, Your Honor. I think my time is up. All right, thank you. Thank you. Judge McKee, I can answer your question without equivocation. The answer is no. The government... Did the government memorialize this position, its belief, anywhere other than in this letter? The answer is no. The defendants have not provided that to us. And you experienced... Well, the court... The senior trial attorney, he didn't come up with this. He got this from somebody within the government. He didn't study this stuff. So somebody told him that, right? Presumably a compilation of people talking to him. You can't find out who told him that or what the basis of that was? Is that your basic beef here? That's correct, Your Honor. We've done multiple FOIA requests. We have received documents from the defendants. I have done everything possible to get this information. Have you taken the deposition of that senior? No, we haven't. No, we haven't, Your Honor. Where did you get the information for this? The reason... The bottom line is because the defendants and now tacitly embraced by the district judge have invoked this whole notion that it's contempt of court to even convey this information. They accused us of committing an act of contempt by submitting this to a district judge under seal asking for permission to use it. They accused us of a contempt of court by doing that. Because of that, Your Honor... I didn't say that you needed to see the documents. You could ask him, where did you get the information? And, Your Honor, what I've been told is that no one is going to discuss this belief with us because of the stigma that has been attached to it, because of the improper local rule that was in effect that has since been amended, and because of the accusation of an act of contempt of court. This is a situation where we are clearly talking about, as Judge McKeague pointed out, this is the government's belief. This does not implicate anything about the reasons why PSRs are kept confidential. And we know those reasons. They are for privacy concerns for a defendant or a defendant's family. They are for free flow of information for confidential sources or a defendant's contrition. And they are for the government's interest in preserving ongoing investigations and grand jury secrecy. Those are the three bases. Do you have a single case where somebody has successfully obtained an objection to a PSR? No, Your Honor. I also don't have a single case where the party's only written submission of their positions was done using the probation office as a proxy. Ever. I've never seen it before. I've seen cases where the party's... Just thinking back, probably happened 80, 90 percent of the time there was exchanges between the government and the defendant in connection with the PSR. I got it. I looked at it. Showed up in the sentencing and the government said whatever they wanted to at sentencing. Sometimes, not anything. Respectfully, Judge, that's not what I said. I said I've never seen a case where the parties have written submissions on their positions regarding the seriousness of offense, but the only place it exists is in a letter to the probation officer as a proxy rather than filing it in open court or saying it in open court. We're trying to figure out whether there are cases, not what your experience is or what my experience is. True. And what I'm saying is if you look at a case like the Kravetz case... It just may mean that defendant here had a better lawyer than all the rest of the people. No. What it means here is we have an 11C1C plea agreement and we have a mandatory Victim of Restitution Act and we have an end run so the public doesn't find out just how serious this crime was. And we have a clearly established precedent showing how important it is to shine a light on sentencing proceedings, to shine a light on the party's advocacy submissions in sentencing proceedings. The court should go over... Any time the press wants something, and we'll use the press instead of you, the court is going to have to conduct a hearing and determine whether something fits in this category or that category that's contained within objecting to a PSR. No, Your Honor. If it's really important to a plaintiff's lawyer someplace and they can't get it someplace else, then we should turn it over. No, Your Honor. And I'm not going to take the bait on an apocalyptic consequence from this thing. The reality is the government set forth its position. The quote-unquote objection is simply that the PSR did not accurately convey the government's position. Not that the PSR... Not that the probation officer reached an erroneous conclusion. The government's position regarding the seriousness of the offense. And yes, I believe that every district court has an obligation to make sure that when the parties submit something advocating their position concerning the seriousness of the offense to influence the district court's decision as to whether or not to accept an 11C1C plea agreement, that should be public. That must be public. Because if it's not, we have no First Amendment right of access to sentencing proceedings. So here is the basis of the argument that in this case, that there is an overarching, compelling public interest in the disclosure of the materials, and that would somehow overcome all of these traditions of secrecy that normally adhere to these reports. Absolutely, Judge Donald. And the reality is, even if we... Exactly. Because there is a compelling need here. You saw, Judge McKeague, when you tried to get a straight answer on the question of getting this information. We cannot. And there is nothing counterbalancing that. There is unquestionably a compelling need here. There's nowhere else that this exists, this information exists. And there's nothing that weighs in favor of it, of keeping it secret. Because none of those concerns that support the confidentiality of PSRs apply here, to this information, the government's belief regarding the seriousness of this offense. This is... Yes, Judge Donald, this is a compelling need, and there's nothing counterbalancing that. So even if I can't convince you to look beyond the label and look at the substance of it and say this is an advocacy submission, there's still abundant case law saying that even a PSR can be revealed. And here we have a corporate defendant, we have no private information being disclosed, we have no implications regarding ongoing investigations, no grand jury information, and we unquestionably have a need. Those two things don't balance out. They weigh heavily in favor of disclosure here. And so I would urge your honors, even if you don't accept my argument about this being the equivalent of a sentencing memoranda or an advocacy submission, even under the case law examining disclosure of PSR materials, this is a very limited request, it implicates nothing that should be maintained for confidentiality purposes, and there's an extremely compelling need because it concerns health issues. And in the Brown and Williamson case, this court explained how important it is for the public to have a right of access in those types of settings. Thank you, your honors. All right, thank you.  You may adjourn the court.